## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-03357-CV-S-DGK |
| v. | ) | |
| | ) | |
| A PARCEL OF LAND LOCATED AT | ) | |
| 5185 S. WESTWOOD DRIVE | ) | |
| REPUBLIC, MISSOURI 65738 | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| $17,305.00 IN U. S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This case is a civil forfeiture action, arising out of Claimant Donald E. Bishop's ("Bishop") indictment and subsequent guilty plea for violations of 18 U.S.C. § 371, conspiracy to conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, contrary to the provisions of 18 U.S.C. § 1955(a). Pending before the Court is the United States' Motion to Dismiss, for Summary Judgment and for Order of Forfeiture (Doc. 33), Claimant's Opposition (Doc. 45), Claimant's Amended Opposition (Doc. 46), and the United States' Reply (Doc. 47). Also before the Court is Claimant's Motion to Dismiss the Amended Complaint for Forfeiture in Rem (Doc. 34) and the United States' Opposition (Doc. 37). For the reasons stated herein, the Government's Motion for summary judgment is granted and Claimant is ordered to forfeit the Defendant real property, located at 5185 S. Westwood Drive, Republic, Missouri.

### Background

The Government's motion for summary judgment originates from a civil *in rem* forfeiture action filed by the United States on September 21, 2009 against the Defendant property pursuant to 18 U.S.C. §§ 1955, 1956 and 981(a)(1)(A). The United States claims that the Defendant property is subject to forfeiture because it was used by the Claimant between 2008 and 2009 to operate an illegal gambling business in violation of 18 U.S.C. § 1955 (Doc. 1). On January 28, 2010, the United States filed an Amended Complaint for Forfeiture *In Rem*, adding the Defendant $17,305.00 in United States currency (Doc. 15).

On August 25, 2009, authorities searched the Defendant property, located at 5185 South Westwood Drive in Republic, Missouri, pursuant to a valid search warrant obtained as the result of an eighteen-month undercover investigation into alleged gambling activities occurring on the Defendant property, occupied at the time by Claimant Donald E. Bishop.

The Defendant real property,[1] is a house owned by Theodore J. Cunningham and his wife, Darla S. Cunningham. The property is occupied by Bishop, who is purchasing the property from the Cunninghams through a Contract for Deed. The United States provided personal notice to all known claimants, including the Cunninghams and Bishop, and published notice of the forfeiture action at www.forfeiture.gov for 30 consecutive days beginning September 23, 2009 and ending October 22, 2009. On November 4, 2009, the United States entered into a settlement agreement with the Cunninghams to settle their interest in the property.

On October 27, 2009, Bishop filed a claim asserting his interest in the property (Doc. 7). However, because Bishop was the subject of a related criminal investigation at that time, the Court stayed the instant forfeiture action pending the return of the indictment and criminal case against him.

---

[1] The property is more particularly described as "[a]ll of Lot Five (5) in the Final Plat of West Woods South, a subdivision in Greene County, Missouri."

On June 22, 2010, Bishop was criminally indicted for conspiracy to conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business contrary to the provisions of 18 U.S.C. § 1955(a). On September 7, 2011, Bishop pled guilty to the "indictment charging him with a violation of 18 U.S.C. § 371, that is, conspiracy to conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, contrary to the provisions of Title 18, United States Code, Section 1955(a)." The Plea Agreement provided, in relevant part, that:

> Between August 1, 2008, and August 28, 2009 . . . the defendant and others knowingly and intentionally combined, conspired and agreed with each other to conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, contrary to the provisions of Title 18, United States Code, Section 371.
>
> Specifically, for at least one year the defendant used his residence located at 5185 South Westwood Drive, Republic, Missouri, to operate a casino-style poker game in violation of the laws of the State of Missouri and which five or more persons conducted, financed, managed, supervised, directed, and owned. Specifically, Bishop operated two professionally constructed poker tables, employed professional dealers and waitresses, and received payment (a rake) for each hand dealt. The games played were usually Texas Hold'em or Omaha and required a $2 small blind and a $5 big blind. The house raked between $2 - $5 per hand, and the dealer averaged 30 hands an hour. Each table could accommodate 10 players and the games were scheduled Sunday through Thursday beginning at 2:00 p.m. Ending times varied, but lasted early into the following morning on occasions . . ..

Plea Agreement, page 2, ¶ 3. In addition to the written terms of the Plea Agreement, the United States verbally agreed to dismiss the forfeiture action against the Defendant $17,305.00 in United States currency and to return the money to Bishop.

Judge Richard Dorr accepted Bishop's plea on September 7, 2011 and ordered a presentence report which was completed on January 30, 2012.

3

Subsequently, this Court lifted the stay in the present action and ordered the filing of dispositive motions. The government now moves to dismiss its forfeiture action against the Defendant $17,305.00 in United States currency, pursuant to the verbal Plea Agreement with Bishop, and seeks summary judgment on its motion for forfeiture. The United States also requests that the Court approve the Settlement Agreement between the United States and the title holders of the defendant real property, Theodore J. and Darla S. Cunningham.

**Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court should render summary judgment if it concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears the burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), quoting Fed. R. Civ. P. 56(c)). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-8 (1986) (emphasis in original).

Whether there is a genuine issue of fact depends on the substantive law of the underlying case and the evidentiary burdens imposed by that law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252-56 (noting that "the judge must view the evidence presented through the prism of the substantive evidentiary burden"); *United States v. One Parcel of Real Property*, 904 F.2d 487, 490 (9th Cir. 1990). Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which

4

applies to all forfeiture proceedings commenced on or after August 23, 2000, the government has the burden of establishing by a preponderance of the evidence that the defendant property is forfeitable. *United States v. Dodge Caravan Grand SE/Sport Van*, 387 F.3d 758, 761 (8th Cir. 2004) (the preponderance standard "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence") (internal quotations omitted). In determining whether property is forfeitable, the government may rely on evidence gathered after the complaint was filed. 18 U.S.C. § 983(c)(2) ("the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture").

## Discussion

The Government maintains that Bishop "used the defendant propert[y] in violation of the provisions of 18 U.S.C. § 1955 (prohibition of illegal gambling businesses), therefore rendering [the property] subject to forfeiture to the United States pursuant to 18 U.S.C. § 1955(d)" (Doc. 33). Bishop argues that the Defendant real property is not forfeitable under 18 U.S.C. § 1955(d) because he pled guilty to 18 U.S.C. § 371, *conspiracy* to "conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, contrary to the provisions of 18 U.S.C. § 1955(a)" and not to a substantive violation of 18 U.S.C. § 1955. Claimant further argues that a genuine issue of material fact exists regarding whether the elements of an 18 U.S.C. § 1955 offense are met, because the Government failed to establish the essential elements of the crime, specifically that 5 or more persons were involved. The Court finds these arguments without merit.

> **A. It is irrelevant that Bishop was not convicted of a substantive crime under 18 U.S.C. § 1955 if the Government proves the defendant property was used to operate an illegal gambling operation in violation of the provisions of 18 U.S.C. § 1955.**

Title 18, United States Code, §1955(d) is a civil forfeiture statute. *See United States v. $734,578.82 in United States Currency*, 286 F. 3d 641, 649 (3rd Cir. 2002) (recognizing government's forfeiture action brought pursuant to 18 U.S.C. §1955(d) is a civil, *in rem*, action); *United States v. Premises Known as 318 South Third Street, Minneapolis, Minnesota, Hennepin County*, 988 F.2d 822, 823 (8th Cir. 1993) (acknowledging that government's forfeiture action against real property brought pursuant to 18 U.S.C. §1955(d) is civil in nature); *United States v. Premises Located at Route 13, Kilburn Beach, Florence, Alabama*, 946 F.2d 749, 751 (11th Cir. 1991) ("This appeal involves a civil forfeiture proceeding under 18 U.S.C.A. §1955(d).").

Civil forfeiture is an *in rem* action against the property itself, not the person. Therefore, civil forfeiture is "not conditioned upon the culpability of the owner of the defendant property." Essentially, "the innocence of the owner is irrelevant." *United States v. $734,578.82 in United States Currency*, 286 F. 3d at 649, 657 (finding that the "presence or involvement of the claimant is simply immaterial" to the government's right to seek forfeiture); *see also United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361-62 (1984) (finding that acquittal on a gun violation under section 922 does not bar civil forfeiture under section 982(d)); *United States v. Cherry*, 330 F.3d 658, 668 n.16 (4th Cir. 2003) ("the most notable distinction between civil and criminal forfeiture is that civil forfeiture proceedings are brought against property, not against the property owner; the owner's culpability is irrelevant in deciding whether property should be forfeited"). Thus, if the government satisfies its burden of proof, and the party opposing the forfeiture fails to establish that the property is not subject to forfeiture, forfeiture will be ordered regardless of the culpability of the claimant. *$734,578.82 in United States Currency*, 286 F. 3d at 649.

6

**B. There is no genuine issue of material fact regarding whether the Defendant property was used to operate an illegal gambling business in violation of § 1955.**

Section 1955(a) of Title 18 of the United States Code prohibits persons from conducting, financing, managing, supervising, directing, or owning all or part of an illegal gambling business.  Subparagraph (b)(1) of Section 1955 defines "illegal gambling business" as a gambling business which:

> (i) is a violation of the law of a State or political subdivision in which it is conducted;
> (ii) involves five or more persons who conduct, finance, manage, supervise, direct or own all or part of such business; and,
> (iii) has been or remains in substantially continuous operation for a period in excess of thirty days or has gross revenue of $2,000 in any single day.

Section 1955(d) allows the government to seek forfeiture of property that is used in violation of the provisions of Section 1955(a).  It provides that:

> (d) Any property, including money, used in violation of the provisions of [18 U.S.C. §1955 (Prohibition of illegal gambling businesses)] may be seized and forfeited to the United States.

In his Plea Agreement, Bishop pled guilty to the indictment charging him with conspiracy to "conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, contrary to the provisions of Title 18, United States Code, Section 1955(a), all in violation of Title 18, United States Code, Section 371."  Bishop also admitted that "for at least one year [he] used [his] residence located at 5185 South Westwood Drive, Republic, Missouri, to operate a casino-style poker game in violation of the laws of the State of Missouri and which five or more persons conducted, finance, managed, supervised, directed, and owned."  Plea Agreement, page 2.  Thus, the fact that Bishop did not plead guilty to a substantive violation of 18 U.S.C. § 1955 is immaterial.  All the government must do is show, by a preponderance of the evidence, that the defendant property was used in violation of the provisions of 18 U.S.C. §

7

1955. The government has made this showing through Bishop's admissions in his guilty plea. His admission establishes that a § 1955 offense of conducting, financing, managing, supervising, directing, or owning an illegal gambling business—defined as one which is a violation of the law of the State in which it is conducted, involves five or more persons who conduct, finance manage, supervise, direct, or own all or part of such business, and has been in substantially continuous operation for a period in excess of thirty days—was committed, and that the defendant property was used to commit the offense. Consequently, Bishop's interest in the Defendant real property is subject to seizure and forfeiture to the United States pursuant to 18 U.S.C. § 1955(d).

### Conclusion

Bishop's guilty plea contains the facts necessary to establish that a Section 1955 offense was committed and that the Defendant property was used to commit it. Therefore, there are no material facts in dispute. Accordingly, the Court finds the Defendant real property forfeitable to the United States pursuant to 18 U.S.C. § 1955(d), and grants the government's motion for summary judgment.

IT IS ORDERED that the defendant real property, located at 5185 S. Westwood Drive, Republic, Missouri, more particularly described as:

All of Lot Five (5) in the Final Plat of West Woods South, a subdivision in Greene County, Missouri;

is hereby forfeited to the United States of America pursuant to Title 18, United States Code, §1955(d);

IT IS FURTHER ORDERED that all right, title and interest to the defendant real property is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law;

IT IS FURTHER ORDERED that the United States is hereby commanded to seize the defendant real property, pursuant to 18 U.S.C. § 985(b)(1), and, if necessary in its opinion, evict the owners or occupants or otherwise restrict their use and enjoyment of said property, until further order of this Court respecting the same. The United States, at its discretion, shall be accompanied by federal, state, or local law enforcement officers to assist it in the execution of this Order;

IT IS FURTHER ORDERED that the Settlement Agreement entered into between the United States and Theodore J. and Darla S. Cunningham and filed with this Court on November 4, 2009, is hereby accepted by the Court;

IT IS FURTHER ORDERED that the forfeiture action against the defendant $17,305.00 in United States currency is hereby dismissed, and the United States is hereby commanded to return said currency to Claimant Donald E. Bishop, through his attorney, Donald R. Cooley, 155 Park Central Square, Springfield, MO 65806; and

IT IS FURTHER ORDERED that the United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

**IT IS SO ORDERED.**


Dated: April 2, 2012                                    ____/s/Greg Kays_____
                                                        HONORABLE GREG KAYS
                                                        UNITED STATES DISTRICT JUDGE

9